UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-587-RJC

| | |
|---|---|
| JORGE GALEAS, JR.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| L. HAMILTON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed November 16, 2011. (Doc. No. 1).

I.   **FACTUAL BACKGROUND**

Plaintiff contends that on November 1, 2011, he was taken from Lanesboro Correctional Institution ("LCI") to a medical appointment. During the drive, LCI transportation officers stopped at a McDonald's restaurant. While alone in the vehicle with defendant Officer Hamilton ("Hamilton"), Plaintiff contends that "[he] was trying to move the handcuff to [his] waist because [he] felt that it was bothering [him] and [he] was feeling a lot of pain." (Doc. No. 1 at 7). During the process of moving his handcuffs down, the chains from the cuffs were making noise. (Id.). When the other officer returned to the vehicle, Hamilton reported that the Plaintiff was masturbating. (Doc. No. 1 at 4). Plaintiff contends that Hamilton lied about this and that he

---

[1] Plaintiff identifies himself as "Jorge Galeas," but the North Carolina Department of Correction does not have an inmate by that name. Plaintiff's Inmate Identification Number (0655559) indicates that Plaintiff is incarcerated under the name "Jorge Gevara." N.C. Dep't of Corr. Officer Information Portal, http://webapps6.doc.state.nc.us/opi/ (last viewed November 29, 2011).

1

"believe[s] that Officer Hamilton is part of the Secret Corrupt Organization that retaliate[s] on inmates just for exercising the freedom of speech and expression." (Id. at 5).

On November 10, 2011, Plaintiff was charged with a disciplinary violation for masturbating in a vehicle while being transported outside the prison. (Doc. No. 1-3 at 4). According to Plaintiff, the disciplinary charges were later dismissed. (Id.). Plaintiff argues that due to Defendant's perjury regarding this incident, he has been "deprived [] of his life, person, honor, dignity and reputation because it has made many believe the worst of [him] and it has caused [him] humiliation, intimidation, discomfort, [dis]trust, indifference, trauma, and embarrassment." (Id.). Plaintiff alleges that Hamilton discriminated against him based on his race, color, religion, national origin and disability and that her false allegation against him violated his Fourth, Fifth, Eighth, Ninth, Thirteenth and Fourteenth Amendment rights. (Id. at 5-6).

By way of relief, Plaintiff aks that this Court "determine and enter judgment declaring the acts and omissions of Defendant L. Hamilton . . ., violate[d] [his] individual rights secured by the Universal Declaration of Human Rights as well as other rights secured by the U.S. and N.C. Constitution[s] and other provisions of the laws." (Doc. No. 1 at 7).

## II. STANDARD OF REVIEW

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thiboutot, 448 U.S. 1 (1980); see also Gonzaga Univ. v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). Allegations in a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519,

2

Case 3:11-cv-00587-RJC   Document 4   Filed 11/29/11   Page 2 of 4

520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure in the pleading to allege facts which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Indeed, Title 28 U.S.C. § 1915A directs the courts to conduct an initial review of civil actions by prisoners seeking relief from a governmental entity or employee. Upon such review, courts must identify cognizable claims or dismiss the complaint, or parts thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

A plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when his complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. The Court has conducted an initial review of Plaintiff's Complaint and has determined that Plaintiff's Complaint shall be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

### III. DISCUSSION

Construed liberally, Plaintiff's allegations amount to a claim that Hamilton defamed him by filing a false disciplinary report. Plaintiff argues that as a result of Hamilton's false allegation, he has been deprived of his honor and reputation. However, injury to reputation does not rise to the level of a constitutional claim. Paul v. Davis, 424 U.S. 693 (1976) (defamatory statements are not cognizable under § 1983); Hodge v. Jones, 31 F.3d 157, 165 (4th Cir. 1994) (conclusory allegation of reputational injury fails to state a cause of action under § 1983).

Further, Plaintiff does not allege that he suffered injury or punishment from the allegedly false statement. Rather, he concedes that the disciplinary charge against him was dismissed. (Doc. No. 1-3 at 4; 3:11-cv-582, Doc. No. 1-1 at 3).

Plaintiff's claim that Hamilton "acted with discrimination on Plaintiff based on his race, color, religion, national origin and disability" is a conclusory allegation without any factual or evidentiary support. While racial discrimination claims may be actionable under § 1983, Henry v. Van Cleve, 469 F.2d 687 (5th Cir. 1972), mere conclusory allegations of discrimination are insufficient to state a claim for relief. Chapman v. Reynolds, 378 F. Supp. 1137, 1139 (W.D. Va. 1974); see also Cochran v. Morris, 73 F.3d 1310, 1315-19 (4th Cir. 1996).

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1); and

(2) The Clerk shall send a copy of this Order to the Plaintiff.

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

4

Case 3:11-cv-00587-RJC   Document 4   Filed 11/29/11   Page 4 of 4